MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

WILLIAM FRENTZEN (LABN 24421)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-6959
   FAX: (415) 436-6753
   Email: william.frentzen@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br>   v. <br> DEMARIO MCDANIELS, <br>     Defendant. | No. CR 10-680 WHA <br><br> **UNITED STATES' SENTENCING MEMORANDUM** <br><br> Date:  March 29, 2011 <br> Time: 2:00 p.m. <br> Honorable William Alsup |

Defendant McDaniels is before the Court to be sentenced for possession with intent to distribute and distribution of crack cocaine. The government has no objections to the final presentence report nor to the facts included within the report. The appropriate guideline range is, therefore, from 188 to 235 months of imprisonment. The government respectfully submits that the appropriate sentence in this case is 204 months of imprisonment to be followed by four years of supervised release. Additionally, the defendant should have conditions of release to include a search condition which would make him subject to search by all law enforcement officers.

Defendant McDaniels has a lengthy criminal history which includes thefts of vehicles and

many, many sales and possession for sales of narcotics. Defendant is not someone who barely qualified as a career offender as he has, not just two, but **four** prior qualifying felony convictions. He therefore has had many opportunities to reflect on his conduct dealing narcotics and change his ways, but has steadfastly refused. At least one of defendant's prior narcotics arrests involved a handgun. PSR, § 39, p. 9-10. Defendant discussed his ownership of firearms and discussed selling a firearm to the undercover agent in this case although he never did sell the firearm. Defendant has had the benefit in this case of a plea agreement in which multiple additional sales of narcotics to an undercover officer – that would have required mandatory minimum sentences – will be dismissed by the government. Furthermore, no narcotics prior convictions were filed against defendant under 18 U.S.C. § 851, which would have required a much higher sentence. Defendant also had the benefit of the change of the law regarding sentencing for crack cocaine cases during the case and, therefore, is facing the punishment provided for under the new Fair Sentencing Act rather than what he would have faced under the prior state of the law. Following his arrest, defendant McDaniels cravenly attempted to effectively obstruct justice by calling known narcotics associates and informing them of the identity of the undercover agent in this case and attempting to inform about an individual the defendant believed to be a confidential informant. Those actions can obstruct law enforcement investigations and place people at risk of harm or death. It is also an act that demonstrates his true dedication to the pursuit of lawlessness, even in the immediate aftermath of a federal arrest. Such a person is not changing and finding a better way forward. Finally, defendant agreed in his plea agreement that he would not request any downward departure in this case. For that reason, a stiff sentence within the guideline range is appropriate. The Court should take this defendant's actions, and the effect that his acts have on residents in impoverished neighborhoods, very seriously.

The government also respectfully recommends the following Special Condition be imposed as part of the Judgment:

> The defendant shall submit his person, property, place of residence, vehicle, and personal effects to search at any time of the day or night, with or without a warrant, with or without probable cause, and with or without reasonable suspicion, by a probation officer or any federal, state, or local law enforcement officer. Failure to submit to

UNITED STATES' SENTENCING MEMO            2
No. CR 680 WHA

> a search may be grounds for revocation. The defendant shall warn any residents that the premises may be subject to search.

The government asserts that the Court has authority to include this Special Condition as a term of Supervised Release under the following Supreme Court and Ninth Circuit case law. In *Samson v. California*, 547 U.S. 843, 846 (U.S. 2006), the Supreme Court considered the effect of a standard term of parole in California which stated that all parolees shall "agree in writing to be subject to search or seizure by a parole officer or other peace officer at any time of the day or night, with or without a search warrant and with or without cause." There, a police officer searched a parolee without any specific probable cause or reasonable suspicion, but with knowledge that the parolee was in fact on parole. *Id*. at 846-47. During the search, the officer found narcotics and arrested the parolee. *Id*. at 847. The parolee moved to suppress the evidence and the motion was denied in light of the search condition quoted above. *Id.* The Supreme Court upheld the denial of the motion to suppress. *Id.* at 846. The Court weighed the state's interest in reducing recidivism among its parolees against a parolee's reduced expectation of privacy and held that the Fourth Amendment does not prohibit a police officer from conducting a suspicionless search of a parolee. *Id.* at 850-57.

The Ninth Circuit applied the holding of *Samson* in the context of Federal Supervised Release in *United States v. Betts*, 511 F.3d 872 (9th Cir. 2007). In *Betts*, the District Court imposed a condition of Supervised Release requiring that "the defendant shall submit [*sic*] person and property to search and seizure at any time of the day or night by any law enforcement officer, with or without a warrant." *Id.* at 876. The defendant appealed his sentence, and challenged this condition on the grounds that it was an abuse of discretion in light of his lack of criminal record and acceptance of responsibility for his crime. *Id.* The Court of Appeals rejected this argument, relying on the Supreme Court's decision in *Samson*:

> Because the blanket requirement imposed by California on state parolees did not violate the Fourth Amendment, *a fortiori* the individualized requirement imposed in this case on supervised release does not. There is no sound reason for distinguishing parole from supervised release with respect to this condition. The federal system has abolished parole, and uses supervised release to supervise felons after they get out of prison. People on supervised release have not completed their sentences, they are serving them.

> The Court in *Samson* itself drew the analogy to supervised release. After *Samson*, there is no room for treating the search condition in this case as an abuse of discretion.

*Id.* (footnotes omitted).

The Court has the authority to impose the Special Condition under the holdings of *Samson* and *Betts*. This Special Condition should be included in place of the language contained in the PSR's recommended search condition. *See* PSR Recommendation p. 5, ¶8. The search condition contained in the PSR is inadequate, particularly for this defendant, based on his extensive criminal history, the frequency of his contacts with local law enforcement, and the limitation that only a United States Probation Officer can conduct the search.

Therefore, for the reasons stated herein, the government respectfully submits that an appropriate sentence for defendant McDaniels is 204 months imprisonment followed by four years of supervised release and with the search condition language proposed by the government.

DATED: March 27, 2011          Respectfully submitted,

MELINDA HAAG
United States Attorney

_____/s/_____
William Frentzen
Assistant United States Attorney