JOHN M. RUNFOLA , CSBN 096058
Pier 9, Suite 100
San Francisco, California 94111
Telephone: (415) 391-4243
Facsimile: (415) 391-5161

Attorney for
DEMARIO MCDANIELS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>DEMARIO MCDANIELS,<br><br>            Defendant. | Case No. CR 10-680 WHA<br><br>**DEFENDANT'S RESPONSE TO UNITED STATES SENTENCING MEMORANDUM** |

**INTRODUCTION**

On March 27, 2011, the United States filed a sentencing memorandum in relation to defendant, Demario McDaniels in preparation for sentencing on April 5, 2011. The United States in this memorandum requests a harsh 17 year sentence for a 24 year old untreated drug addict. The United States countered that Mr. McDaniels easily qualified as a career offender with four prior qualifying convictions, attempted to obstruct justice in this case and agreed not to request any downward departure in this case.

Mr. McDaniels would like to respond to the United States in regards to the above listed

-1-

issues.

## MR. MCDANIELS PRIOR FELONY CONVICTIONS ARE NOT SERIOUS AND SIGNIFICANT

Mr. McDaniels four prior felony convictions for narcotics are not as serious and significant as they would first appear. Of these prior felony convictions one involved a baggie containing suspected marijuana and $183 in small denominations. Another involved Mr. McDaniels possessing valium pills without a prescription. A third involved a plastic bag containing off white rocks, crumbs of suspected cocaine base and $178 in small denominations. A fourth conviction involved a baggie containing roughly 45 rocks of suspected cocaine and $1,467 in various denominations.

The first three convictions as mentioned above involve minor amounts of drugs and illustrate that Mr. McDaniels was a small time drug dealer, dealing to provide for his own drug habit. The fourth conviction involves a more modest amount of drugs. By this stage in his life Mr. McDaniels had a $100-150 a day drug habit. Without considering the amount of drugs involved in each prior felony conviction, Mr. McDaniels prior convictions seem more serious and significant than they in fact were. Only, one of his prior felony convictions involved a modest amount of drugs and would be a basis for him qualifying as a career offender.

## MR. MCDANIELS ALLEGED ATTEMPTS TO OBSTRUCT JUSTICE

The United States in their sentencing memorandum allege that Mr. McDaniels attempted to obstruct justice by calling known narcotics associates and informing them of the identity of the undercover agent and the confidential informant in this case.

There has never been any discovery provided to counsel or Mr. McDaniels evidencing these alleged claims. Furthermore, the probation officer in this case, Ms. Karen Mar, did not

DEFENDANT'S RESPONSE TO UNITED
STATES SENTENCING MEMORANDUM

-2-

indicate any such conduct on Mr. McDaniels part as a result of her investigations. Nor did she adjust the offense level for obstructing or impeding the administration of justice under USSG §3C1.1. These claims that Mr. McDaniels attempted to obstruct justice in this case are unsupported by the facts.

## REQUEST FOR DOWNWARD DEPARTURE

In the plea agreement in this case, while Mr. McDaniels agreed not ask for any reduction in the offense level or a downward departure from the *guideline range* calculated under the offense level, the plea agreement does not bind the Court to the applicable guidelines. The Court must consult those guidelines and take them into account when sentencing, together with factors set forth in Mr. McDaniels sentencing memorandum under §3553(a). Those factors being:

1) Mr. McDaniels lack of youthful guidance from the young age of 11;

2) Mr. McDaniels untreated drug addiction from which he suffered his entire life and has never been treated for;

3) Mr. McDaniels childhood struggles due to absent parents and a family with severe substance abuse problems.

For the reasons stated above a sentence below the low end of the guidelines is permitted and warranted in this case pursuant to § 3553(a).

## CONCLUSION

Mr. McDaniels prior felony convictions that constitute his career offender status are not as serious and significant as they would appear. The alleged claims that Mr. McDaniels attempted to obstruct justice in this case are unfounded and unsupported by the facts. Under §3553(a) Mr. McDaniels is permitted to argue for a downward departure from the guideline range.

DEFENDANT'S RESPONSE TO UNITED
STATES SENTENCING MEMORANDUM
-3-

1  Mr. McDaniels therefore requests that he be sentenced to 120 months, a ten year sentence which is sufficient but not greater than necessary for a young man, raised in poverty, addicted to drugs since age 12 who remains untreated for his drug addiction.

DATED: March 30, 2011

Respectfully submitted,

LAW OFFICES OF JOHN M. RUNFOLA,

/S/

By: _____
JOHN M. RUNFOLA
Attorney for Defendant
DEMARIO MCDANIELS

DEFENDANT'S RESPONSE TO UNITED STATES SENTENCING MEMORANDUM

-4-